IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>94TH AND SHEA, L.L.C,<br><br>Debtor. | Chapter 11<br>Case No. 10-bk-37387<br><br>MEMORANDUM DECISION |

This matter comes before the Court on a discovery dispute that has arisen between the Debtor and JPMCC 2007-CIBC19 Shea Boulevard, LLC ("JPMCC"). The parties filed simultaneous briefs on December 9, 2011 as to the issues presented. The Court reviewed the Debtor's "Statement of Position and Request for Resolution of Discovery Dispute" and JPMCC's "Brief Regarding Compliance with Discovery Requests and Privilege Issues." The dispute between the parties focuses on whether certain emails exchanged between Steven Goodhue, Mary Lineback, various other individuals and Debtor's experts may be classified as work product of an attorney. JPMCC requests that the Court compel the Debtor to disclose any and all communications between its testifying experts, and any drafts of reports prepared by non-specially trained experts. The Debtor requests that the Court affirm its decision to withhold the emails on the basis that said emails are protected work-product of an attorney. After reviewing the relevant pleadings, and applicable legal authority the Court concludes that the Debtor must release certain documents for the reasons set forth.

### A. FED R. CIV. P. 26 AND THE 2010 AMENDMENTS THERETO

The Federal Rule governing expert witness disclosures was amended on December 1, 2010. By order dated April 28, 2010, the Supreme Court of the United States

adopted certain amendments to the Federal Rules of Civil Procedure. The amendments took effect on December 1, 2010. Order ¶¶ 1–2 (U.S. Apr. 28, 2010) (amending Fed.R.Civ.P. 26 ). Three main issues were addressed:: (1) Rule 26(a)(2)(B)(ii) was revised to narrow part of the scope of an expert's written report; (2) A new subparagraph was inserted at Rule 26(a)(2)(C) to require certain expert disclosures where no written report is mandated by Rule 26(a)(2)(B); (3) New subparagraphs were inserted at Rule 26(b)(4)(B) and (C) to expressly protect as work product draft reports and certain communications between the expert and counsel, respectively. See Fed.R.Civ.P. 26 advisory committee's note (2010 amendments); Civix-DDI, LLC v. Metropolitan Regional Information Systems, Inc. 273 F.R.D. 651 (E. D.Va. 2011).

Rule 26(a)(2)(B)(ii) was amended so that testifying experts must now reveal in their reports only the "facts or data" they considered in forming their opinion. Even though the revision of Rule 26(a)(2)(B)(ii) to allow disclosure of "facts or data" excludes theories or mental impressions of counsel, the phrase "facts or data" should still be "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." Sara Lee Corp v. Kraft Foods Inc., 273 F.R.D. 416, 419 (N.D. Ill 2011); Chevron Corp v. Shefftz, 754 F. Supp. 2d 254 (D. Mass. 2010). The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Chevron Corp v. Shefftz, 754 F. Supp. 2d 254 (D. Mass. 2010).; See also Fed.R.Civ.P. 26 advisory committee's note (2010 amendments).

Rule 26(a)(2)(C) was inserted to require non-retained experts to disclose the subject matter of their testimony and a summary of facts and opinions to which they would testify. Fed R. Civ. P. 26(a)(2)(C). These witnesses are not required to provide a full Rule 26(a)(2)(B) report as previously required.

Rule 26(b)(4)(B) was added to provide work product protection to drafts of testifying experts's disclosures, be it retained experts reports or summary reports for non-retained experts. Rule 26(b)(4)(C) was included to provide work product protection for communications between a party's attorney and testifying retained expert witnesses. There are

1  three exceptions to the amendments that require certain communications still be produced: (1)
2  communications that relate to compensation for the expert's study or testimony; (2)
3  communications that identify facts or data that the party's attorney provided and the expert
4  considered; and (3) communications that identify assumptions that the party's attorney provided
5  and that the expert relied upon in forming opinions. Moreover, facts or opinions known "by an
6  expert who was retained or specially employed by another party in anticipation of litigation or to
7  prepare for trial and who is not expected to be called as a witness at trial" may not ordinarily be
8  discovered. Fed R. Civ. P. 26(b)(4)(D). This type of information may only be disclosed upon a
9  showing of "exceptional circumstances under which it is impracticable for [a] party to obtain
10 facts or opinions on the same subject by other means." Fed R. Civ. P. 26(b)(4)(D)(ii).

To qualify for work-product protection, documents must: (1) be "prepared in anticipation of litigation or for trial" and (2) be prepared "by or for another party or by or for that other party's representative." U.S. v. Richey, 632 F.3d 559 (9th Cir. 2011) citing In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf), 357 F.3d 900, 907 (2004). The doctrine protects attorney's work from falling into the hands of an adversary. In re Chevron Corp. 633 F.3d 153 (3rd Cir. 2011). The privilege protects documents or compilation of materials prepared by agents of the attorney in preparation for litigation. Richey at 567 citing United States v. Nobles, 422 U.S.225 (1975).

### B. DEBTOR MUST PRODUCE ENGAGEMENT AGREEMENTS

As a preliminary matter, the Court directs the Debtor to produce the engagement agreements between itself and its experts. If the Debtor does not have written agreements, the Debtor must disclose the terms and conditions of the oral agreements with these experts. This disclosure would focus on whether the expert was retained to testify at trial, was retained as a consulting expert, and the compensation to be paid.

### C. COMMUNICATIONS INVOLVING EXPERT NOT RETAINED AS WITNESS OR TO ASSIST IN PREPARATION FOR TRIAL ARE NOT PRIVILEGED

Debtor's attempt to withhold information involving Trifecta Management Group ("Trifecta") has no legal basis. Trifecta was apparently engaged to provide business advice to

Renegade Canteen, a tenant of the Debtor's and a third party, to provide reports regarding improving the profitability of the business. Trifecta was not an expert retained by the Debtor for trial preparation. To the extent Trifecta provided consulting work to improve the operations of Renegade Canteen, such information is not privileged. Courts must consider the totality of the circumstances and determine whether a "document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation." U.S. v. Richey, 632 F.3d 559 (9th Cir. 2011) quoting United States v. Adlman, 134 F.3d 1194 (2nd Cir. 1998). Documents created in the ordinary course of business, even if they prove useful in subsequent litigation, are not protected by the work product doctrine. United States v. Rockwell Intl'l, 897 F.2d 1255 (3d Cir. 1990). Therefore, any information that falls under this category should be released.

### D. COMMUNICATIONS INVOLVING MARY LINEBECK

At issue are communications by Mary Lineback, an individual employed as controller by the Debtor pursuant to a "controller fee contract." The Court authorized the continued employment in said capacity at an hourly rate of $50 with a maximum compensation of $4,000 a month.[1] The Debtor has failed to provide a sufficient legal basis why communications from Ms. Linebeck are protected. It is the Court's understanding that Ms. Linebeck is essentially a contract employee of the Debtor. Ms. Linebeck is not an attorney, nor is she an agent for Debtor's counsel.

Routine communication between corporate officers or employees transacting business of a company do not attain privileged status solely because counsel is "copied in" on correspondence. In re G-I Holdings, Inc., 218 F.R.D. 428 (D. N. J. 2003). A communication is not privileged merely because it was sent or received between an attorney or client. Coleman v. Schwarzenegger, 2008 WL 2468492 (E.D. Cal 2008); HSH Nordbank AG New York Branch v. Swerdlow, 259 F.R.D. 64 (S.D.N.Y 2009). Furthermore, a privilege is waived when the party

---

[1] See December 1, 2010 Minute Entry, Docket Entry No. 19. See also Docket Entry No. 32, Agreed Order Authorizing Debtor's Interim Use of Cash Collateral.

attempting to assert the privilege has voluntarily disclosed the information to a party not covered by the privilege. Coleman v. Schwarzenegger, 2008 WL 2468492 (E.D. Cal 2008) citing Weil v. Investment/Indicators, Research Mgmt., Inc. 647 F.2d 18 (9th Cir. 1981).

Based upon the foregoing, the Court concludes that the following documents, as noted in the privilege log will be released:

| BATES NUMBER | DATE | DESCRIPTION |
| --- | --- | --- |
| LVGI000555 | 10/19/2011 | Email to John Rucker from Mary Lineback re Draft Appraisal |
| TMG000014- TMG000020 | Various | Preliminary draft of Trifecta Management Group's expert report and communications relating thereto between Steve Goodhue and Bruce Nussbaum |
| TMG000021 | Various | Communications regarding revisions to a preliminary draft of Trifecta Management Group's expert report between Anthony Penn, Mike Long, Michael Auger, Ron Lam, Jil Mather, Bruce Nussabaum. |
| TMG000022- TMG000023 | Various | Communications regarding revisionsto a preliminary draft of Trifecta Management Group's expert report between Steve Goodhue and BruceNussbaum. |
| TMG000024- TMG000027 | Various | Correspondence between Attorney Wesley Ray, Jayne Pursiano, Bruce Nussbaum, Anthony Penn, Tamera Wells, Steve Goodhue, John Rosso and Mar Lineback. |
| SCG001394-SCG001489 | Various | Exhibit to a preliminary draft of Sierra Consulting Group expert report and communication relating thereto between Attorneys Wesley Ray, Jack Hebert, Ted Burr, Lynne Bouvea, Mary Lineback. |
| SCG000856-SCG000858 | 11/01/2011 | Exhibit to a preliminary draft of Sierra Consulting Group expert report and communication relating thereto between Ted Bur and Lynne Bouvea. |
| SCG002122-SCG002926 | Various | Correspondence between Attorney Wesley Ray, Ted Bur, Lynne Bouvea and/or Mary Lineback |
| SCG002927-SCG002953 | 10/25/2011 | Preliminary draft of Sierra Consulting Group expert report and communication relating thereto Mary Lineback and Lynne Bouvea. |
| CPI-DGV000152-CPI-DGV000157 | Various | Preliminary draft of Commercial Properties expert report and communications relating thereto. |
| CPI -EB000056-CPI - EB000057 | Various | Preliminary draft of Commercial Properties expert report and communications relating thereto between Eric Butler, David Verwer and Mary Lineback. |

| CPI- EB000070-CPI -EB000073 | 10/26/2011 | Communications regarding revisions to a preliminary draft of Commercial Properties' expert report between Eric Butler and Mary Lineback. |
|---|---|---|
| CPI- EB00007 4-CBI -EB00007 5 | Various | Communications regarding revisions to a preliminary draft of Commercial Properties' expert report between Eric Butler and Mary Lineback. |

SO ORDERED.

SIGNED AND DATED ABOVE